# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SANDRA K. PEPIN, ) | CASE NO. 1:11-cv-964 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| LARCHWOOD HEALTHCARE GROUP, ) | |
| INC. ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge upon the consent of the parties. (Doc. No. 10.) Before the Court are Plaintiff, Sandra K. Pepin's ("Plaintiff") motion to dismiss this case voluntarily under Federal Rule of Civil Procedure 41(a)(2) without prejudice (Doc. No. 23), and Defendant Larchwood Healthcare Group, Inc.'s ("Defendant") motion to dismiss this case involuntarily under Rule 41(b) with prejudice for failure to prosecute (Doc. No. 22). For the reasons set forth below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED; that is, this case is hereby dismissed with prejudice.

**I.**

The following material facts are not in dispute unless otherwise indicated. On May 13, 2011, Plaintiff filed her complaint. (Doc. No. 1.) On August 15, 2011, Defendant answered. (Doc. No. 6.) A case management conference was scheduled for September 15, 2011. (Doc. No. 8.) On September 12, 2011, Plaintiff filed an unopposed motion to excuse herself from attending the case management conference and for permission to participate by telephone because she had recently moved to North Carolina, had begun employment within the prior two weeks, and was concerned that missing work within her probationary period would jeopardize her employment. (Doc. No. 13.) The Court granted Plaintiff's motion and instructed her to be available for the duration of the conference by telephone. (Non-Doc. Order 09/14/11.)

On September 15, 2011, the Court held a case management conference and set a case management schedule. (Doc. Nos. 15, 16.) Counsel indicated that mediation would be useful; accordingly, the Court instructed the parties to confer, agree to three or four dates when the parties were mutually available for mediation, and inform the Court of those dates so that the Court could schedule mediation with another magistrate judge. The Court scheduled fact discovery to end on January 20, 2012, and set a telephone status conference for January 10, 2012.

On November 2, 2011, Defendant filed a status report to inform the Court that Plaintiff's counsel was unresponsive to Defendant's counsel's attempts to confer and determine mutually acceptable dates for mediation. (Doc. No. 18.) Defendant explained as follows. Defendant's counsel sent emails to Plaintiff's counsel on September 27 and October 11, 2011, to determine mutually acceptable dates for

2

mediation, and Plaintiff's counsel failed to respond. Defendant's Counsel thereafter sent Plaintiff's counsel an email on October 18, 2011, to determine mutually acceptable dates for mediation and cautioned that if Plaintiff's counsel did not respond by the next day, Defendant would withdraw the agreement to mediate and initiate discovery. On October 19, 2011, Plaintiff's counsel responded by email and indicated that Plaintiff was in her 90 day probationary period with her new employer in North Carolina and, therefore, was unable to attend mediation until after the new year. Plaintiff's counsel further offered to conduct mediation with Plaintiff by telephone or submit a settlement demand. Defendant's counsel replied that Plaintiff was required to attend the mediation in person and that counsel was supposed to provide information supporting Plaintiff's claims so that Defendant would be in a position to review a settlement demand. Plaintiff's counsel responded that he would secure and disclose information regarding Plaintiff's claims on October 28, 2011; however, Defendant never received such information.

On November 3, 2011, Defendant served on Plaintiff its First Request for Admissions, First Request for Production of Documents, and First Set of Interrogatories. Plaintiff's counsel alleges that he and Plaintiff communicated regularly between September and December 2011, Plaintiff participated in formulating responses to Defendant's discovery requests, and Plaintiff responded to the discovery requests in a timely fashion. Defendant, however, alleges that Plaintiff's discovery responses were deficient, as Plaintiff failed to produce certain documents and failed to sign or otherwise verify her answers to Defendant's interrogatories.

The Court held a telephone conference on November 21, 2011, to resolve the

delay in scheduling mediation.  (*See* Minute-Order 11/21/11, Doc. No. 19.)  The Court observed that Plaintiff's reason for being unable to schedule and attend mediation was the same reason why Plaintiff requested and was permitted to attend the September 15, 2011, case management conference by telephone, and that it appeared Plaintiff's 90 day probationary period had since ended.  The Court permitted discovery to proceed because the parties were not able to reach a settlement agreement at that time and Plaintiff's counsel remained unprepared to schedule a mediation conference until after the new year.

On November 30, 2011, Plaintiff told her counsel that she could attend deposition on January 10, 2012, in Ohio.  Defendant's counsel was informed of Plaintiff's availability for deposition; therefore, on December 2, 2011, Defendant gave notice of Plaintiff's deposition to be held on January 10, 2012.  On January 5, 2012, Defendant's counsel contacted Plaintiff's counsel to confirm Plaintiff's deposition.  Plaintiff's counsel responded that, despite repeated efforts, he was unable to contact or locate Plaintiff.[1]

On January 10, 2012, the Court held a telephone status conference.  Plaintiff's counsel indicated that Plaintiff had become unresponsive and unavailable:  Plaintiff had not responded to counsel's telephone calls or telephone text messages; mail sent to Plaintiff's home address by counsel had been returned; and Plaintiff did not appear for her deposition.  Plaintiff's counsel moved to dismiss this case without prejudice.

---

[1] Plaintiff's counsel avers in his affidavit attached to his motion that the last time he recalls communicating with Plaintiff was December 6, 2011.  (Jonathan A. Good Aff. ¶ 5, Doc. No. 23-1.)

Defendant's counsel did not object to dismissal but requested that dismissal be with prejudice.  The Court instructed counsel for both parties to file simultaneous briefs on the issue of whether dismissal of this case should be with or without prejudice, and to file any responses within two days thereafter.

On January 16, 2012, both parties filed their motions to dismiss.  Neither party filed a response.

## II.

Neither party objects to this case being dismissed, but they dispute whether dismissal should be with or without prejudice.  Plaintiff moves to dismiss this case under Federal Rule of Civil Procedure 41(a)(2) as a voluntary dismissal without prejudice.  A dismissal under Rule 41(a)(2) allows for dismissal "on terms that the court considers proper," and is without prejudice unless the court orders otherwise.  Fed. R. Civ. P. 41(a)(2).  Defendant, however, moves to dismiss this case under Rule 41(b) as an involuntary dismissal for failure to prosecute, which generally operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  For the following reasons, Plaintiff's motion is denied and Defendant's motion is granted.

### A. Plaintiff's Rule 41(a)(2) Motion

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the court.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  The primary purpose of Rule 41(a)(2) in requiring court approval of dismissal is to protect the nonmovant from unfair treatment.  *Id.*  Plaintiff's counsel contends that the following facts show it would be fair to dismiss this case without prejudice:  Plaintiff

5

timely responded to discovery requests; any inadequate discovery responses were to be supplemented at Plaintiff's deposition, which would have circumvented any discovery disputes and related correspondence; Plaintiff's economic situation constituted good cause for her inability to schedule mediation before the end of 2011; no summary judgment motions have been filed; trial has not been scheduled; and there has been no preparation for trial.  But Plaintiff's counsel concedes that Defendant has incurred expenses in answering the complaint and initiating discovery; and that he is not able to explain why Plaintiff did not attend her deposition on January 10, 2012.

     The Court is not persuaded that, under the circumstances of this case, a voluntary dismissal without prejudice would be fair to Defendant.  Plaintiff's conduct raises inferences of bad faith and disinterest in pursuing this litigation.  Plaintiff delayed scheduling mediation indefinitely in complete disregard to the Court's order to do so within two weeks after the case management conference.[2]  Plaintiff's explanation for being unable to schedule mediation before the end of 2011—that she was on a 90 day probationary period at work and could not take time away—is unpersuasive because it is the same reason she was excused from the Court's case management conference, and more than 90 days lapsed between the two occasions.  Plaintiff has offered no explanation for failing to attend her deposition.  And Plaintiff has become entirely unresponsive and unavailable for the past two months.

---

[2] Plaintiff is not, however, entirely responsible for the delay.  Defendant persisted in emailing Plaintiff's counsel for a month after the case management conference to schedule mediation rather than call counsel by telephone, even after the Court's two-week deadline to establish an amenable mediation schedule had passed, and Defendant did not bring Plaintiff's unresponsiveness to the Court's attention until two weeks thereafter.

Furthermore, Plaintiff's conduct has significantly prejudiced Defendant.  Although no motions for summary judgment have been filed and a trial date has not been set, Plaintiff has deprived Defendant of the opportunity to conduct meaningful discovery because she has denied Defendant the opportunity to depose her.  *See, e.g.*, *Diaz v. Vigil*, No. 1:03-cv-05108-OWW-LJO PC, 2007 WL 427122, at *3 (E.D. Cal. Feb. 6, 2007) ("Plaintiff's failure to avail himself to deposition is extremely prejudicial to defendant, as it deprives defendant of his opportunity to conduct meaningful discovery in this case.  To allow this action to continue would be to allow plaintiff to continue to prosecute his case despite depriving defendant of rightful discovery.").  Plaintiff's assurances that any deficiencies in the discovery that Plaintiff already provided would be cured at Plaintiff's deposition are moot because the deposition has not occurred.

Because Plaintiff has failed to set forth an adequate basis to dismiss this case without prejudice, Plaintiff's motion is denied.

**B.    Defendant's Rule 41(b) Motion**

Rule 41(b) gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999).  This measure is available to courts as a tool to manage their dockets and avoid unnecessary burdens on the tax-supported courts and opposing parties, and courts have substantial discretion in determining whether dismissal is appropriate.  *Knoll*, 176 F.3d at 363. Courts consider four factors when determining whether a case should be dismissed under Rule 41(b):  (1) whether the party's failure is due to willfulness, bad faith, or fault;

7

(2) whether the party's conduct prejudiced her adversary; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *See id.*  Although none of the factors is dispositive, a case may be dismissed properly when there is a clear record of delay or contumacious conduct.  *See id.*

Defendant contends that Plaintiff's failure to schedule mediation and appear at her deposition was inherently wilful and dilatory; Defendant has been prejudiced by expending time and effort and incurring expenses on unresponsive discovery and futile communications and proceedings; Plaintiff's counsel presumably warned Plaintiff that a failure to participate in her litigation could result in dismissal of her case; and less drastic sanctions against Plaintiff would not be adequate.

For a party's conduct to rise to the level of culpability that warrants dismissal, its conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.  *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).  As explained above, Plaintiff's conduct evinces bad faith and an intention not to proceed in this case.  Indeed, Plaintiff's unresponsiveness and unavailability in scheduling mediation, inexplicable failure to appear at her scheduled deposition with only ten days remaining before the close of discovery, and loss of contact with counsel and this Court support the conclusion that Plaintiff has intended to thwart such proceedings and evinces a reckless disregard for Defendant's need for discovery and the Court's time, resources, and orders.  Also as explained above, Plaintiff's conduct has significantly prejudiced Defendant by depriving

8

Defendant of any meaningful opportunity to engage in discovery.

It is not clear whether Plaintiffs' counsel warned Plaintiff that her case could be dismissed if she persisted in failing to participate; nevertheless, Plaintiff is represented by counsel, her counsel moved for dismissal, and counsel was put on notice at the January 10, 2012, telephone status conference that dismissal could be with prejudice. Indeed, Plaintiff has not indicated that she intends to pursue this action in any venue let alone this one; and any further notice to Plaintiff would appear to be futile because Plaintiff is entirely unavailable. Cf. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("Requiring any additional notice in the unique circumstances presented by a *pro se* litigant's failure to advise the district court of a change in his address is unworkable. Additional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to Carey was returned as undeliverable."). Plaintiff's utter lack of availability also supports the conclusion that sanctions less drastic than dismissal with prejudice would be futile.[3]

In short, the Court finds a clear record of delay and contumacious conduct that amounts to a failure to prosecute and that has significantly prejudiced Defendant. Accordingly, Defendant's motion to dismiss is granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 41(a)(2) motion to dismiss is DENIED, and Defendant's Rule 41(b) motion to dismiss is GRANTED; that is, this case is hereby

---

[3] For example, although Defendant has not requested costs or attorney's fees, any such assessment against Plaintiff would appear difficult to recover, as Plaintiff has disappeared.

9

dismissed with prejudice.

    **IT IS SO ORDERED**.

                                  s/ *Nancy A. Vecchiarelli*
                                  Nancy A. Vecchiarelli
                                  U.S. Magistrate Judge

Date: January 25, 2012